DEARMOND vs. CURTIS.

Where plaintiff claims slaves sold to her late husband by defendant, a bond in which the deceased had bound himself to pay two thousand dollars, or convey the slaves to another person than the defendant, and to whom the bond is not assigned, the court properly refused to permit him to give it in evidence.

APPEAL from the court of the third district, the judge of the fourth presiding.

The petition stated that the husband of the plaintiff, during his lifetime, to wit, on the 4th of April, 1823, purchased from the defendant the following named slaves : Phebe, Hannah, and Will, which he retained in peaceable possession until his death, and that the plaintiff was then wrongfully dispossessed of them by the defendant.

The answer contained a general denial, and an allegation that the husband of plaintiff, on the 15th of May, 1823, executed a bond by which he bound himself to pay to Eunice Curtis, (wife of the defendant) two thousand dollars, or to make to her complete and perfect titles to the slaves now sued for.

The answer concluded with a prayer that the slaves may be decreed to be the property of defendant's wife, and that she be made party to the suit.

She was made a party, and afterwards, on motion of the defendant, judgment of nonsuit was rendered against her.

The plaintiff introduced in evidence the act of sale from the defendant to her husband Dearmond.

The defendant offered in evidence the bond which Dearmond had executed to his wife, conditioned to pay her two thousand dollars, or convey her the slaves. To the introduction of this bond the plaintiff objected, which objection was sustained by the court. The defendant took his bill of exceptions, and after final judgment, appealed.

*Turner,* for the defendant and appellant, urged the following points for a reversal of the judgment.

1. The cause was incorrectly tried between the plaintiff and defendant. The intervening party should have been heard.

2. The court erred in rejecting the bond offered in evidence by defendant.

3. The motion for a new trial was improperly overruled.

PORTER J. delivered the opinion of the court. The petitioner, in her own right, and

as tutrix to her minor children, claims pos-
session of certain slaves, which she alleges
the defendant has wrongfully taken from her.
She also claims title to the property in virtue
of a sale made to her deceased husband by
the defendant.

The answer contains a general denial, and
an allegation that Dearmond, in his life time,
had executed a bond by which he bound him-
self to pay the defendant's wife two thousand
dollars, or convey to her the slaves now sued
for. The answer concludes with a prayer,
that the property might be decreed to be that
of the wife, and that, if necessary, she should
be made a party to the suit.

She was made a party, and put in her claim
to the slaves. On motion of the defendant,
however, judgment of nonsuit was rendered
against her, and as she has not appealed, the
correctness or legality of that proceeding can-
not be examined here.

The cause has been twice submitted to a
jury in the inferior court, and each time there
was a verdict for the plaintiffs. The only
matter for our consideration is the question
presented by a bill of exceptions.

. East District.
*March*, 1830.

DEARMOND
*vs.*
.CURTIS.

*Where a plaintiff claims slaves sold to her late husband, a bond in which the deceased had bound himself to pay two thousand dollars, or convey the slaves to another person than the defendant, and to whom the bond is not assigned, the court properly refused to permit it to be given in evidence*

After the claim on the part of the wife of defendant had been dismissed, and, on the last trial, the defendant offered in evidence the bond which the deceased had made to pay two thousand dollars, or convey the slaves to the person therein named. This evidence the plaintiff objected to, and the court sustained their objection.

We think the court did not err. There is nothing which connects the wife's right to the money mentioned in that bond, with the husband's claim to the slaves. There is no assignment of it to him. And if there were, and had the proof been received, it is not seen how it could affect the question of title. It rather strengthens the claim of the petitioners by showing a title in them.

On the merits, we do not find any thing on record, which would authorize us to interfere with the verdicts of two juries.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed, with costs.